

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

November 9, 2005

COUNSEL OF RECORD

    Re:  United States v. HUSIE JOYNER et al,
         <u>Criminal No. 05-CR-10239-RCL</u>

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case with regards to each of the defendants in this case.

A.  <u>Rule 16 Materials</u>

1.  <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.  <u>Written Statements</u>

    There are no relevant written statements of any of the Defendants in the possession, custody or control of the government, which are known to the attorney for the government. There are, however, a large number of papers seized during the arrest of the defendants in this case and the execution of search warrants (which are further described below) which may contain the handwriting of your respective clients.  As further described below, these items are available for your inspection.

    b.  <u>Recorded Statements</u>

    Consensual audio and video recordings were recordings were made of telephone conversations and personal meetings involving defendants GREGORY BING and HUSIE JOYNER.  As further described below these recordings are available for each defense counsel's review and copying for defense counsel at the United States Attorney's Office.  Copies of these recordings will be provided to counsel for defendants GREGORY BING and HUSIE JOYNER and for

the defendants at their respective facilities.

    c.    <u>Grand Jury Testimony of the Defendant</u>

None of the Defendants testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed: for each defendant, enclosed please find a DEA 202 Personal History Report regarding your client's respective booking statements.

More particularized discovery will be provided to individual defendants regarding any other oral statements to then known government agents.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Each of you should have received your client's criminal history from Pre-Trial Services at the time of their initial appearance in this matter. If you need your particular client's criminal history, please let me know and I will request an additional copy and provide you with one.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time at the offices of the DEA in Boston.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

All of the drugs purchased from the defendants in this case during the course of controlled purchases as well those drugs seized during the course of search warrants, inventory searches, and traffic stops, have been sent to the DEA's Northeast Regional Laboratory. All certifications received to date are enclosed. The certifications for the controlled purchases are contained in the enclosed CD. Any additional certifications will be provided to you upon receipt.

Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer testimony concerning the results of the laboratory analysis of the drug exhibits.

Latent finger print analysis was also submitted for the seizure of the kilogram wrappers at defendant GERARD KIMBLE's residence at 57E Sumner Street, Dorchester, MA. The results from this analysis have not yet been completed.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

During the course of the investigation, search warrants were executed at the following locations:

(1)   175G Centre Street, Apt # 708, Quincy, MA(05-1704-CBS)

(2)   175L Centre Street, Apt # 1206, Quincy, MA(05-1705-CBS)

(3)   751 Shawmut Avenue, Apt # 715, Roxbury, MA (Greg Bing's primary residence)(05-1706-CBS)

(4)   469 Washington Street, Walpole, MA(05-1707-CBS)

(5)   49 Woodruff Way, Mattapan, MA(05-1708-CBS)

(6)   428 Washington Street, 2nd Floor Apartment, Dorchester, MA(05-1709-CBS)

(7)   77 Ellington Street, 1st Floor Apartment, Dorchester, MA(05-1710-CBS)

(8)   57E Sumner Street, Dorchester, MA(05-1711-CBS)

(9)   a storage unit at Patriot Storage, 986 Washington Avenue, Boston, MA 02218, further described as Unit No. 216, Sight ID No. 556, for Contract No. 100466 beginning on June 29, 2005 in the name of Cassandra Loonie (05-1717-CBS)

(10)  68 Williams Street, Third Floor, Jamaica Plain, MA (Please note that there were two separate search warrants for this location)(05-1722-CBS; and 05-1729-CBS)

(11)  A Tan Trailer located at Romero Auto Sales/Easy Wheels, 852 Blue Hill Avenue, Dorchester, MA 02124 (05-1723-CBS)

(12) 1600 Beacon Street, #807, Brookline, MA(05-1728-CBS)

(13) 32 Holyoke Street, Apt. C., Boston, MA (05-1733-CBS)

(14) 135 Townsend Street, Apt. #13C, Roxbury, MA (05-1734-CBS)

Seizure Warrants were executed for the following items of property. Pursuant to these seizures, government agents also conducted inventory searches for each of these items:

(1) A 2005 black Range Rover sport utility vehicle bearing license plate RS42DX with vin SALMF11445A189396 registered to Kimberly Douglass, 570 South Main Street, Apt #2, Fall River, MA (05-1712-CBS)

(2) A 2005 gray Acura TL 3.2 sedan bearing license plate number RS95CE with vin 19UUA66275A031176 and registered to Jaijuanna Harris, 428 Washington Street, Dorchester, MA (05-1713-CBS)

(3) A 2005 Black Bentley Continental bearing License Plate Number NE3362 with VIN SCBCR63WX5C02433 and Registered to Patrice F. Smith, 469 Washington Street, East Walpole (05-1714-CBS)

(4) A 2004 black BMW 645 CSI convertible bearing New York license plate number CXL8088 and vin WBAEK73434B320542, registered to Frederick B. Joyner, 102 Montauk Highway, Westhampton, New York (05-1715-CBS)

(5) A red 2000 Bentley Arnage, registered to Nelson Lirano, bearing Vehicle Identification Number (VIN) SCBLC31E6YCX04930 (05-1724-CBS)

For each of these locations and/or properties, enclosed please find a copy of search warrant, application, affidavit, and return.

In addition the vehicles listed above, inventory searches were also conducted of six other vehicles which are in the process of being seized by the DEA. The DEA has sent out administrative forfeiture notices for these vehicles.

The property seized from these vehicles during the course of inventory searches will not be used as evidence in the case and will be returned to the registered owners of the respective vehicles.

Finally, the government obtained court orders for the installation and use of GPS tracking devices on three vehicles in this case: (1) a 2005 Black Range Rover, bearing license plate RS4-2DX; (2) a 2005 Grey Acura, bearing license plate RS9-5CE; and (3) a grey 2002 Acura RL, bearing license plate 84Y-A44. At trial, the government may introduce evidence of this GPS data. The data from these GPS tracking devices requires special software to able to view the routes taken by these vehicles on a particular day. If you are interested in viewing this information, please let me know and I can make arrangements for you to view this information at either the DEA or the U.S. Attorney's Office.

    C.    <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

Wire communications, as defined in 18 U.S.C. § 2510, of each of the defendants relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance. The government intends to offer communications of the defendant intercepted pursuant to this order as evidence in its case-in-chief.

The following is a description of each of these Title III wiretaps:

(1) On April 19, 2005, U.S. District Judge George A. O'Toole, Jr. for the District of Massachusetts signed an order authorizing the interception of wire communications to and from the cellular telephone number used by Husie A. Joyner, assigned call number **(617) 388-8691,** bearing Electronic Serial Number ("ESN") 2D011AAB, and subscribed to in the name of Nigel Seale, 49 Woodruff Way, Mattapan, MA (the **"Joyner Target Telephone"**); and the cellular telephone used by GREGORY R. BING, assigned call number **(617) 970-4622,** bearing ESN 2D4741D2, and subscribed to in the name of Katrina Matthews, 40 Vallor Road, East Boston, MA, (the **"Bing Target Telephone"**). On May 20, 2005, Judge O'Toole signed an order authorizing a thirty day extension of interception of wire communications to and from the same target telephones. The same day, on May 20, 2005, the Court signed an order sealing and impounding the first thirty days of wire interceptions over the Joyner and Bing Target Telephones.

(2) On June 2, 2005, DEA discontinued the interception of wire communications over telephone number **(617) 970-4622,** the **Bing Target Telephone**. On June 16, 2005, U.S. District Judge U.S. District Rya W. Zobel for the District of Massachusetts (acting in lieu of Judge

  George A. O'Toole, Jr.) signed an order sealing and impounding the wire communications from May 20, 2005 to June 2, 2005 over the **Bing Target Telephone**.

(3) On June 19, 2005, DEA discontinued the interception of wire communications over telephone number **(617) 388-8691,** the **Joyner Target Telephone**, pursuant to the court's order. On July 27, 2005, Judge O'Toole signed and order sealing and impounding the wire communications over the **Joyner Target Telephone** from May 20, 2005 to June 19, 2005.

(4) On May 11, 2005, U.S. District Judge George A. O'Toole, Jr. for the District of Massachusetts signed an order authorizing the interception of wire communications to and from the cellular telephone number used by Husie A. Joyner, assigned call number assigned call number **(617) 642-0420,** which is a Pre-Paid T-Mobile cellular telephone bearing IMSI number 310260401932303, with no subscriber information provided ("**Joyner Target Telephone #2**"). The interception of wire interceptions over Joyner Target Telephone #2 were discontinued on June 9, 2005. On June 16, 2005, U.S. District Judge U.S. District Rya W. Zobel for the District of Massachusetts (acting in lieu of Judge George A. O'Toole, Jr.) signed an order sealing and impounding the wire communications from **Joyner Target Telephone #2.**

(5) On May 25, 2005, U.S. District Judge George A. O'Toole, Jr. for the District of Massachusetts signed an order authorizing the interception of wire communications to and from the cellular telephone number used by FRANCISCO ARIAS, a.k.a. "Willie" assigned call number **(617) 938-9754,** which is a Pre-Paid T-Mobile cellular telephone bearing IMSI number 310260401932303, subscribed to Inocente Quijada with no further subscriber information provided (the **"Quijada Target Telephone"**). The interception of wire communications over the Quijada Target Telephone were discontinued on June 1, 2005. On June 16, 2005, U.S. District Rya W. Zobel for the District of Massachusetts (acting in lieu of Judge George A. O'Toole, Jr.) signed an order sealing and impounding the wire communications over the **Quijada Target Telephone.**

(6) On June 16, 2005, U.S. District Rya W. Zobel for the District of Massachusetts (acting in lieu of Judge George A. O'Toole, Jr.) signed an order authorizing the interception of wire and electronic communications to and from telephone number **(857) 492-1386** (**Bing Target**

      **Telephone #2** used by GREGORY BING) and telephone number **(857) 492-1070** (**Joyner Target Telephone #3** used by Husie Joyner).  On July 14, 2005, Judge O'Toole signed an order authorizing a thirty day extension of interception of wire communications to and from **Joyner Target Telephone #3**.  The interception of wire communications over **Bing Target Telephone #2** were discontinued on July 15, 2005 pursuant to the Court's June 16, 2005 order.  On July 22, 2005, the interception of wire communications over **Joyner Target Telephone #2** were discontinued due to the arrest of target subjects GREGORY BING, ANTHONY SMITH, GERARD KIMBLE, and DONNELLE JOYNER.

(7)  On July 8, 2005, U.S. District Judge George A. O'Toole, Jr. for the District of Massachusetts signed an order authorizing the interception of wire communications to and from: cellular telephone number **617-406-8409,** IMSI 316010029453153 and UFMI 180*270816*7, subscribed to in the name of Alberto Romero, 68 Williams St., Jamaica Plain, MA used by ALBERTO ROMERO (the **"Romero Target Telephone"**); and cellular telephone number **617- 519-4782**, bearing ESN 04107826195, subscribed to Yasmil Frias, 115 Homestead St #8, Dorchester, MA, used by "WILLIE" (the "FRIAS TARGET TELEPHONE").  The interception of wire communications over the ROMERO TT were discontinued on July 25, 2005 due to the arrest of ALBERTO ROMERO on the same day.

(8)  On July 14, 2005, U.S. District Judge George A. O'Toole, Jr. for the District of Massachusetts signed an order authorizing the interception of wire communications to and from the cellular telephone number used ANTHONY SMITH assigned call number **(617) 918-3640**, bearing IMSI number 316010029447808 and UFMI or "direct-connect" number 180*80079*8**,** subscribed to Shoe Fetish, 569 Columbus Avenue, Boston, MA (hereinafter referred to as the **"Smith Target Telephone"** ).  The interception of wire communications to and from the Smith Target Telephone were discontinued on July 22, 2005 due to the arrest of ANTHONY SMITH.

    For each of the above described wiretaps, you have been provided a CD which contains copies of the applications for authorization to intercept communications relating to the charges contained in the indictment.  Copies of the supporting affidavits of TFA Joao Monteiro, court orders authorizing the interceptions, and the court orders directing the sealing of intercepted communications under 18 U.S.C. § 2518(a) also

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which Defendants HUSIE JOYNER and GREGORY BING were intercepted or which the government intends to offer as evidence in its case-in-chief is set forth below.  The references to "N" exhibits are to the exhibit numbers assigned by DEA and reflected in the DEA 7a reports (which are included in the enclosed CD) and on the copies of the recordings themselves.  The following is a description of these items:

N-1    Audio cassette tape of recorded telephone conversation with CS and Husie Joyner on 9/24/04;

N-2    Audio cassette tape of Kel-recorded conversation between CS and Gregory Bing and Husie Joyner during the purchase of DEA Exhibit No. 1 (60.6 grams of Cocaine HCL)

N-3    Audio cassette tape of recorded telephone conversation between CS and Gregory Bing on 10/5/04.

N-4    Audio cassette tape of Kel-recorded conversation between CS and Gregory Bing and Calvin LNU on 10/5/04

N-5    VHS cassette of video obtained on 10/5/04 during the controlled purchase of DEA Exhibit No. 2 (61.7 grams of cocaine base)

N-6    A "Hawk" recording obtained during the purchase of DEA Exhibit No. on 10/26/04, though no video surveillance was obtained because of a equipment malfunction. (Ask?)

N-7    Audio cassette tape of recorded phone conversation between CS and Gregory Bing on 10/26/04.

N-8    Audio cassette tape of Kel-recorded conversation between CS and Gregory Bing during the purchase of DEA Exhibit No. 3 (60.2 grams of cocaine base);

N-9    Audio cassette tape of recorded phone conversation

|       |                                                                                                                                                                      |
|-------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       | between CS and Gregory Bing on 11/10/04;                                                                                                                             |
| N-10  | Audio cassette tape of Hawk recording made during the attempt purchase of a controlled substance on 11/10/04;                                                        |
| N-11  | Audio cassette tape of recorded telephone conversation between CS and Gregory Bing on 11/16/04;                                                                      |
| N-12  | Audio cassette tape of mini-CD recorded conversation between CS and Gregory Bing on 11/16/04 during controlled purchase of DEA Exhibit No. 4 (61.6 grams of cocaine base) |
| N-14  | Audio cassette tape of recorded telephone conversation between CS and Gregory Bing on 12/1/04;                                                                       |
| N-15  | Audio cassette tape of mini-CD recorded conversation between CS and Gregory Bing on 12/1/04 during controlled purchase of DEA Exhibit No. 5 (61.1 grams of cocaine base) |
| N-16  | Audio cassette tape of recorded telephone conversation between CS and Gregory Bing on 1/11/05;                                                                       |
| N-17  | Audio cassette tape of mini-CD recorded conversation between CS and Gregory Bing on 1/11/05 during controlled purchase of DEA Exhibit No. 6 (122 grams of cocaine HCL) |

These recordings are available for each defense counsel's review and copying for defense counsel at the United States Attorney's Office. Copies of these recordings will be provided to counsel for defendants GREGORY BING and HUSIE JOYNER and for the defendants at their respective facilities.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The government believes that, at this writing, there are a number of individuals who may qualify as "unindicted coconspirators." When and if such persons are indicted in the future, their names will, of course, be made public. If at such time such individuals have <u>not</u> been indicted, such names will also be made available to counsel. However, because of the ongoing nature of this investigation and other related

investigations, the release of these names at this time would be detrimental to the investigation.  Therefore, pursuant to L.R. 116.6(A), the government is declining to provide such information at this time.

F.   Identifications under Local Rule 116.1(C)(1)(f)

    Defendant GERMAINE GILMORE was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a photo spread.  In particular,As further described in a DEA 6 report dated 11/18/04, on 11/16/04, the DEA CS who was involved in the controlled purchases of cocaine and crack cocaine from defendants GREGORY BING and HUSIE JOYNER was shown a photo spread which contained a photograph of defendant JERMAINE GILMORE.  A copy of the photo spread used in or memorializing the identification procedure may be picked up at the United States Attorney's Office.

    During the investigation of this case, law enforcement agents used photographs from the MA Registry of Motor Vehicles to make identifications of the defendants during the course of physical surveillance.  Copies of these RMV photographs are available for your inspection upon request.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

    With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

    Pursuant to LR 116.2(B)(c-e), the CS described above whom participated in the controlled purchases of cocaine and crack cocaine described above will be a witness at trial.  The CS has two pending drug charges in Massachusetts.  A redacted verison of the CS's criminal record is enclosed.  However, pursuant to LR 116.6(A), the government is declining to provide further information about the CS that could disclose the CS's identity. Furthermore, please be advised that there may be additional cooperating witnesses in this case who have convictions for felony drug offenses and will testify for the government with the expectation that they will receive a reduction in sentence. Pursuant to LR 116.6(A), the government is declining to provide any further information about any additional cooperating witnesses at this time due to concerns of witness safety and the ongoing nature of the investigation.

        The government is aware of no further information or

materials relating to this case of the type described in Local Rule 116.2(B)(1).

H.   Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The time, date, and place at which the alleged offenses were committed are set forth in the Indictment.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3397 if you have any questions.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney
                    By:
                              /s/ Neil Gallagher
                              Neil J. Gallagher, Jr.
                              Assistant U.S. Attorney

cc:   Lisa Roland
      Clerk to the Honorable Charles B. Swartwood, III
      (w/o enclosure(s))