

*U.S. Department of Justice*

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*       *John Joseph Moakley United States Courthouse*
                                       *1 Courthouse Way*
                                       *Suite 9200*
                                       *Boston, Massachusetts  02210*

November 9, 2005

COUNSEL OF RECORD

    Re:  United States v. HUSIE JOYNER et al,
        <u>Criminal No. 05-CR-10239-RCL</u>
        Particularized Wiretap Discovery

Dear Counsel:

    Each of you will soon receive a CD entitled "Wiretap Discovery" which will contain more particularized discovery for the wiretap. Because of the large number of intercepted calls in this case (over 20,000), the government is providing more particularized discovery via the enclosed CD.  Please be advised that the government is not required to produce this particularized discovery, but is nonetheless doing so in order to assist counsel in identifying the intercepted phone calls that pertain to their individual clients.

    This more particularized discovery applies to only those defendants whose phones were <u>not</u> the primary subject of the Title III wiretaps, HUSIE JOYNER and GREGORY BING.

    For counsel for remaining defendants, enclosed please find the following:  (1) a CD containing Wordperfect and/or MS Word files associated with intercepted phone calls; and (2) a printed file list of the files contained on the CD(s).

    The government has created a database in a program known as "ISYS."  This database contains WordPerfect and MS Word files for each intercepted phone call and for each target telephone intercepted in MA.  In other words, each time a call was intercepted a word-processing file was created corresponding to that call.

    Quite conveniently, each of these files are named by the target telephone number, the date and time of the call, and the

call number.  Therefore, by looking at this file list, you can identify the exact call and read a summary or transcript of the call.  You can also take this information (the call number, the date and time of the call, the target telephone) and play the particular phone calls you want to hear from the original wiretap CD that were provided to you.

In addition, as part of the file name, the files are referred to as either "Synopsis" or "Transcript."  In most cases you will notice that the file is labeled Synopsis.  The Synopsis files are just that; a brief narrative synopsis of the phone call prepared by the DEA monitor.  The Transcripts are rough, preliminary English transcripts of the calls.  In addition, there are instances where the synopsis files actually contain rough, preliminary transcripts.  There are also instances where there is both a synopsis and preliminary transcript for the same call.  Please be advised that pursuant to Local Rule 116.4(B)(2), these preliminary transcripts may <u>not</u> be used at trial or other hearing without court approval.  At this time, the government has not prepared Spanish transcripts since there are literally thousands of recorded phone calls.

From this database, the government is able to conduct a boolean term search of all these files.  There are thousands of files and hence, thousands of intercepted phone calls. For each defendant, I ran a search based on one or several terms; usually the defendant's first and/or last name and/or aliases and/or nicknames that were often used.  On the second enclosure, the file list, a included the terms that were used to search for these calls as well as the number of calls that were found which contained these terms. If for some reason, you think that this method is inadequate or incomplete, please let me know.  The end result should be a fairly comprehensive list of each call where your client was either intercepted or referred to during the conversation.

Once this search was completed, I then copied the search results to a compact disc which is enclosed.

Please keep in mind that this process is not perfect.  Like any text search, it depends on the accuracy of the information.  There may be instances where a particular defendant is intercepted, but at the time he is not identified by the DEA and the speakers do not refer to each other by name or nickname.  This may be particularly true early on in the investigation when several of the speakers are not identified.  Once they are identified, the DEA monitors would have begun to indicate the name or nickname of the defendant on the line-sheet.  Furthermore, once the speaker was identified, DEA Agents instructed the monitors to return to earlier line sheets to

insert the suspected true name of the speaker.  This may not have occurred in every instance.  There may be other instances where the DEA monitor misspelled a defendant's name.

    Furthermore, please keep in mind that in the event that the government does identify a defendant as a particular speaker in a call who was not previously identified as a defendant; or the call refers to a defendant who was not previously identified (for example A and B talk about an unknown male who is later determined to be C); and the government intends to introduce that call at trial, the government is obliged to produce transcripts of these calls in advance of trial pursuant to Local Rules 116.4(B)(3) and 117.1(A)(8).

    I hope this information is helpful.  If you need anything else, please do not hesitate to call.

    Very truly yours,

    MICHAEL J. SULLIVAN
    United States Attorney

    /s/  Neil Gallagher
    Neil J. Gallagher, Jr.
    Assistant U.S. Attorney
    (617) 748-3397