UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )       CRIMINAL NO. 05-10239-RCL
     v.                        )
                               )
HUSIE A. JOYNER, et al.        )
     Defendants.               )

**UNITED STATES' MOTION FOR INTERLOCUTORY SALE OF REAL PROPERTY**

   The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that the Court enter an Order authorizing the interlocutory sale of certain real property located at:

>    (a) <u>27 Keith Avenue, Brockton, Massachusetts</u>, more fully described as a certain parcel of land with buildings thereon, being land in Brockton, Plymouth County, Massachusetts on the northerly side of Keith Avenue, bounded and described as follows:  Beginning at the southwest corner of the granted premises being the southeast corner of the land formerly of Minot L. Danforth in the north line of said Keith Street; thence northerly by land formerly of Danforth, one hundred forty-eight and 5/10 (65.5) feet to Lyon Avenue; thence turning and running easterly by said Lyon Avenue, sixty-five and 5/10 65.5 feet; thence southerly by land formerly of one Hall, one hundred fifty-one (151) feet to the north line of said Keith Avenue; thence westerly by the north line of the said Keith Avenue, sixty-six (66) feet to the point of the beginning, being the same premises conveyed in a deed from Sherwin Williams to Foster Earl (also known as "Foster Earl, Jr." or "Earl") and recorded in the Plymouth County Registry of Deeds on July 26, 2001, at Book 20251, Page 345 (the "Keith Avenue Property").

The United States moves for the interlocutory sale of the Keith Avenue Property for the following reasons:

1.   On September 8, 2005, Husie A. Joyner a/k/a "Poopie" a/k/a "P" ("Defendant"), and others, were indicted on a sixteen-count Indictment by a federal grand jury sitting in the District of Massachusetts.  The Indictment charged, the Defendant with Conspiracy to Distribute Cocaine and Cocaine Base, from about September 2004 and until August 2005, in violation of 21 U.S.C. §846 (Count One), Distribution of Cocaine, in violation of 21 U.S.C. §841(a)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Two), Distribution of Cocaine, in violation of 21 U.S.C. §841(a)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Seven), and being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Fifteen).[1]  The Indictment included a forfeiture allegation, under 21 U.S.C. §853, pursuant to which the United States sought the forfeiture of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the Cocaine and Cocaine Base Conspiracy alleged in Count One, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2.   On September 22, 2005, the United States filed a Bill of Particulars for Forfeiture of Assets ("Bill of Particulars"), which

---

[1] The remaining counts of the Indictment did not name the Defendant.

specifically included the Keith Avenue Property as forfeitable to the United States.

3. The Bill of Particulars specified that the Keith Avenue Property was forfeitable pursuant to 21 U.S.C. §853 because it constituted property derived from proceeds the Defendant obtained, directly or indirectly, as a result of the offenses, and/or because it was property used or intended to be used, in any manner or part, to commit, or to facilitate the Conspiracy to Distribute Cocaine and Cocaine Base charged in Count One of the Indictment.

4. On or about October 17, 2005, and based on the criminal Indictment and Bill of Particulars, this Court issued a <u>Lis Pendens</u>, giving notice to all parties involved that <u>U.S. v. Joyner, et al.</u>, Case No. 05-10239-RCL, involving the Keith Avenue Property, the subject matter of the action, constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon. The <u>Lis</u> <u>Pendens</u> was recorded at the Plymouth County Registry of Deeds on October 18, 2005.

5. As explained in more detail in the United States' Ex Parte Application for a Post-Indictment Restraining Order, previously filed with the Court on November 1, 2005, the United States believes that the Defendant is the true owner of the Keith Avenue Property and that the Keith Avenue Property was renovated with proceeds from the Defendant's illegal drug trafficking.

6. The United States expects that upon the Defendant's

conviction, the Keith Avenue Property will be forfeited to the United States.  In the meantime, the United States is concerned that there is a risk that the Keith Avenue Property will deteriorate, there will be non-payment of bills as they relate to the Keith Avenue Property, including but not limited to, taxes and other expenses.  In addition, to the best of the United States' current knowledge, the mortgage is currently in default.

    7.   Under all of the circumstances, an interlocutory sale of the Keith Avenue Property by the United States Marshals Service (the "Marshals") provides the best means of maximizing and preserving the equity in the Keith Avenue Property.

    8.   Because a prompt sale of the Keith Avenue Property by the Marshals affords the best protection to all concerned, the United States moves that the Court enter an order authorizing the Marshals to conduct an interlocutory sale.  The Court has the authority to enter such orders under 21 U.S.C. §853(e)(1)(A), which authorizes the Court, upon application of the United States, to "take any ... action to preserve the availability of property ... for forfeiture."

    9. An order allowing the proposed interlocutory sale of the Keith Avenue Property and authorizing and directing the Clerk of the Court to receive and hold the proceeds in an interest-bearing account will aid in preserving the availability of the Keith Avenue Property for forfeiture in the event of conviction in this criminal

case.

10. After deducting from the sale proceeds the lawful costs and expenses relating to the sale of the Keith Avenue Property, the United States proposes that the net proceeds from the sale of the Keith Avenue Property be held in the CRIS Account (Court Registry Investment System), an interest-bearing account under the control of the Court, until the conclusion of this criminal case.

11. The United States proposes that at the conclusion of all forfeiture proceedings relating to the Keith Avenue Property, the net proceeds held in the CRIS account will be disposed of according to law, unless, if necessary, the United States files a Motion to Disperse Part of the Proceeds.

WHEREFORE, the United States respectfully moves that this Court enter a Order for Interlocutory Sale in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/Jennifer H. Zacks
NEIL J. GALLAGHER, JR.
JENNIFER H. ZACKS
Assistant U.S. Attorneys
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Date: December 19, 2005        (617) 748-3100

**CERTIFICATE OF SERVICE**

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing United States' Motion for Interlocutory Sale of Personal Property and proposed Order for Interlocutory Sale, were served upon Mark W. Shea, Esquire, Shea, Larocque & Wood LLP, Suite 201, 47 Third Street, Cambridge, MA 02141-1265, as counsel of record for Defendant Husie A. Joyner, Paul Griffin, Esquire, 81 Boston Road, Groton, Massachusetts, as counsel for Foster Earl, Jr., and Veronica C. Viveiros, Esquire, Harmon Law Offices, 150 California Street, Newton, MA 02458, as counsel for U.S. Bank National Association as Trustees of CSFB ABS Trust Series HEAT 2002-3, by first class mail, postage prepaid.

                                               /s/Jennifer H. Zacks
                                               Jennifer H. Zacks
                                               Assistant U.S. Attorney

Date: December 19, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 05-10239-RCL |
| v. ) | |
| ) | |
| HUSIE A. JOYNER, et al. ) | |
| Defendants. ) | |

**ORDER FOR INTERLOCUTORY SALE**

It is hereby ORDERED, ADJUDGED, and DECREED that:

The United States' Motion for Interlocutory Sale of Real Property is allowed.

The United States Marshals Service (the "Marshals"), shall seize, sell, and dispose of the real property located at 27 Keith Avenue, Brockton, Massachusetts, with a deed recorded at Book 20251, Page 345, of the Plymouth County Registry of Deeds (the "Keith Avenue Property"), as provided by law.

After deducting from the sale proceeds the lawful costs and expenses relating to the sale of the Keith Avenue Property, the Marshals shall deposit with the Clerk of this Court by check made payable to "Clerk, U.S. District Court," the net proceeds from the sale of the Keith Avenue Property. The Court shall hold the net proceeds in an interest-bearing account, specifically, the CRIS Account (Court Registry Investment System) until further order of this Court.

SO ORDERED AND ENDORSED:

_____
REGINALD C. LINDSAY
United States District Judge
Date: