## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

<table>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>vs.</td><td>)</td><td>**CRIMINAL ACTION**</td></tr>
<tr><td></td><td>)</td><td>**NO. 05-10239-RCL**</td></tr>
<tr><td>GERMAINE GILMORE,</td><td>)</td><td></td></tr>
<tr><td>a/k/a "Maine", ET AL</td><td>)</td><td></td></tr>
<tr><td>    Defendants,</td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
</table>

### ORDER ON THE
### GOVERNMENT'S MOTION FOR DETENTION
### December 19, 2005

**SWARTWOOD, C.M.J.**

I.  Nature of the Offense and the Government's Motion

On September 8, 2005, an Indictment was returned charging Germaine Gilmore, a/k/a "Maine" ("Mr. Gilmore"), and others, in Count One, with conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §846.  There is included in this Indictment a forfeiture allegation in accordance with 21 U.S.C. §853.

At Mr. Gilmore's initial appearance in connection with this Indictment on December 8, 2005, the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(C)(Mr. Gilmore is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Mr. Gilmore is charged with a felony

and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight). The matter was then continued to December 14, 2005 for arraignment and a hearing on the Government's motion for detention.

On December 14, 2005, following Mr. Gilmore's arraignment, he assented to an Order of Detention, but reserved his right to a detention hearing in the future.

V. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Gilmore be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Gilmore be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Gilmore is detained and confined shall deliver Mr. Gilmore to an authorized Deputy United States

Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<u>/S/CHARLES B. SWARTWOOD, III</u>
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE