```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
          v.                    )    Criminal No. 05-10239-RCL
                                )
HUSIE JOYNER et al.             )
                                )
    Defendants.                 )
```

### SPEEDY TRIAL ORDER

This matter having been opened to the Court on motion of the government, without objection from the attorneys for the defendants; for an Order under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., and for good cause having been shown,

IT IS THE FINDING OF THIS COURT that:

1. On May 11, 2006, the grand jury returned a 80-count indictment, charging the defendants with various criminal offenses in connection a Title III wiretap investigation investigated by the DEA and the Boston Police Department. The pending indictment charges, among other charges, conspiracy to distribute cocaine and cocaine base, substantive distribution and firearm counts, and multiple money laundering counts.

2. The defendants first appeared before a U.S. Magistrate Judge Timothy S. Hillman before the pending superseding indictment on May 18, 2006 during which the defendants were arraigned and pled not guilty.

3. As contemplated by 18 U.S.C. §3161(h)(8)(2)(B)(ii), this case is complex for the following reasons:

    a. The case involves Title III wiretap evidence from

          seven different wiretaps consisting of more than 20,000 intercepted conversations. While most of the phone calls are in English, a significant portion of the intercepted calls are in Spanish.

    b. Defendants have raised several challenges to the wiretaps which involve complicated factual and legal issues. Each of the defendants have joined these motions.

    c. The discovery in the case is voluminous. In addition to Title III wiretap evidence, there are also numerous financial documents, including bank records, of a number of the defendant regarding the alleged money laundering activity.

    d. The government's evidence at trial will consistent of wiretap evidence, the testimony of law enforcement agents and several cooperating witnesses, and a large amount of financial records, including evidence of unexplained wealth.

4. Pursuant to 18 U.S.C. §§3161(h)(1)(F) and 3161(h)(7), the delay attribute to the defendants filing of pretrial motions is also attribute to each co-defendant. See <u>Henderson v. United States</u>, 476 U.S. 321, 323 n. 2 (1986); <u>United States v. Barnes</u>, 159 F.3d 4, 10 (1st Cir. 1998).

5. The ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy

trial. A failure to grant a continuance may result in a miscarriage of justice, and would deny the parties the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence.

THEREFORE, IT IS HEREBY ORDERED, for the reasons stated above, that this matter shall be treated as a complex case pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(ii), for purposes of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

IT IS FURTHER ORDERED that for purpose of computing time under the Speedy Trial Act of 1974 within which the trial must commence, the period from the date of the government's motion in open court on June 27, 2007 through the date of the next scheduled hearing on this case, inclusive, shall be deemed an excludable period of pursuant to 18 U.S.C. §§ 3161(h)(8)(a), 3161(h)(8)(B)(i), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv).

_____
HONORABLE REGINALD C. LINDSAY
United States District Judge
District of Massachusetts